I firmly believe that it is not in a client's best interest to select a lawyer during a station break; however, whether I think lawyer advertising should be protected as commercial speech is irrelevant. The United States Supreme Court, a higher authority than I, has held that blanket prohibitions against lawyer advertising unconstitutionally infringe on the First Amendment right to express commercial speech. Bates v. StateBar of Arizona, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810
(1977). The supremacy clause of the Constitution of the United States requires that I be bound by the Supreme Court's holding in Bates. If the advertising is inaccurate or concerns unlawful activity, it may be banned outright. Central Hudson Gas Electric Corp. v. Public Service Commission, 447 U.S. 557,100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). The State Bar does not contend that the "Injury Helpline" ad is inaccurate or unlawful; I have seen this television ad several times, and I have found nothing unlawful or inaccurate about it. Even if the ad is not inaccurate or unlawful, a state may still restrict the ad if the state has a substantial interest to be protected by the restriction, if the restriction directly advances the state interest, and if the restriction is no more extensive than necessary to serve that interest. Central Hudson Gas Electric Corp., supra. I do not believe the State Bar has advanced any substantial state interest to justify applying the restriction of Rule 7.2(c), Alabama Rules of Professional Conduct, to the "Injury Helpline." That is the State Bar's burden:
 "It is well established that '[t]he party seeking to uphold a restriction on commercial speech carries the burden of justifying it.' Bolger v. Youngs Drug Products Corp., 463 U.S. 60, 71, n. 20, 103 S.Ct. 2875, 2883, n. 20, 77 L.Ed.2d 469 (1983); [Board of Trustees of State Univ. of New York v.] Fox, 492 U.S. [469], 480, 109 S.Ct. [3028], 3035[, 106 L.Ed.2d 388 (1989)]. This burden is not satisfied by mere speculation or conjecture; rather, a governmental body seeking to sustain a restriction on commercial speech must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree. See, e.g., Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio, 471 U.S. 626, 648-49, 105 S.Ct. 2265, 2281, 85 L.Ed.2d 652 (1985). Without this requirement, a State could with ease restrict commercial speech in the service of other objectives that could not themselves justify a burden on commercial expression."
Edenfield v. Fane, ___ U.S. ___, ___, 113 S.Ct. 1792, 1800,123 L.Ed.2d 543 (1993) (some citations omitted).